Steven J. Kahn (CA Bar No. 76933)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
E-mail: skahn@pszjlaw.com

Co-Counsel to Chapter 11 Debtors and
Debtors In Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>VERITY HEALTH SYSTEM OF CALIFORNIA, INC., *et al.*,<br><br>Debtors and Debtors In Possession.<br><br>☐ Affects All Debtors<br>☒ Affects Verity Health System of California, Inc.<br>☐ Affects O'Connor Hospital<br>☐ Affects Saint Louise Regional Hospital<br>☒ Affects St. Francis Medical Center<br>☒ Affects St. Vincent Medical Center<br>☐ Affects Seton Medical Center<br>☐ Affects O'Connor Hospital Foundation<br>☐ Affects Saint Louise Regional Hospital Foundation<br>☐ Affects St. Francis Medical Center of Lynwood Foundation<br>☐ Affects St. Vincent Foundation<br>☐ Affects St. Vincent Dialysis Center, Inc.<br>☐ Affects Seton Medical Center Foundation<br>☐ Affects Verity Business Services<br>☐ Affects Verity Medical Foundation<br>☐ Affects Verity Holdings, LLC<br>☐ Affects De Paul Ventures, LLC<br>☐ Affects De Paul Ventures - San Jose Dialysis, LLC<br><br>Debtors and Debtors In Possession. | Lead Case No. 2:18-bk-20151-ER<br><br>Jointly administered with:<br>Case No. 2:18-bk-20162-ER;<br>Case No. 2:18-bk-20163-ER;<br>Case No. 2:18-bk-20164-ER;<br>Case No. 2:18-bk-20165-ER;<br>Case No. 2:18-bk-20167-ER;<br>Case No. 2:18-bk-20168-ER;<br>Case No. 2:18-bk-20169-ER;<br>Case No. 2:18-bk-20171-ER;<br>Case No. 2:18-bk-20172-ER;<br>Case No. 2:18-bk-20173-ER;<br>Case No. 2:18-bk-20175-ER;<br>Case No. 2:18-bk-20176-ER;<br>Case No. 2:18-bk-20178-ER;<br>Case No. 2:18-bk-20179-ER;<br>Case No. 2:18-bk-20180-ER;<br>Case No. 2:18-bk-20181-ER;<br><br>Chapter 11 Cases<br><br>Hon. Ernest M. Robles<br><br>Adversary No. _____<br><br>**COMPLAINT FOR ▮▮▮▮▮ TURNOVER, UNJUST ENRICHMENT, DAMAGES FOR VIOLATION OF THE AUTOMATIC STAY AND INJUNCTIVE RELIEF**<br><br>**[REDACTED—UNREDACTED VERSION TO BE FILED UNDER SEAL]** |

1

DOCS_LA:319025.3 89566/002

| | |
|---|---|
| VERITY HEALTH SYSTEM OF CALIFORNIA, INC., a California nonprofit public benefit corporation, ST. VINCENT MEDICAL CENTER, a California nonprofit public benefit corporation and ST. FRANCIS MEDICAL CENTER, a California nonprofit public benefit corporation, | |
|              Plaintiffs, | |
| v. | |
| HERITAGE PROVIDER NETWORK, INC., a California corporation, | |
|              Defendant. | |

Plaintiffs Verity Health System of California, Inc., St. Vincent Medical Center and St. Francis Medical Center, for their Complaint against Heritage Provider Network, Inc., allege as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this adversary proceeding (the "Action") pursuant to 28 U.S.C. §§ 157 and 1334.

2. The Action is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. Venue is proper pursuant to 28 U.S.C. § 1409 because the Action arises in, and is related to, the bankruptcy cases encaptioned above pending in the United States Bankruptcy Court for the Central District of California, Los Angeles Division.

4. Plaintiffs consent to the entry of final orders or judgments by the Bankruptcy Court even if it is determined that, absent consent of the parties, the Bankruptcy Court cannot enter final orders or judgments in this proceeding.

## THE PARTIES

5. Debtor and Plaintiff Verity Health System of California, Inc. ("VHS") is a California nonprofit public benefit corporation and the sole corporate member of St. Vincent Medical Center and St. Francis Medical Center.

DOCS_LA:319025.3 89566/002

6. Debtor and Plaintiff St. Vincent Medical Center ("St. Vincent") is a California nonprofit public benefit corporation doing business in the County of Los Angeles providing hospital and ancillary medical services on an inpatient and outpatient basis.

7. Debtor and Plaintiff St. Francis Medical Center ("St. Francis," and together with St. Vincent, the "Plaintiff Hospitals") is a California nonprofit public benefit corporation doing business in the County of Los Angeles providing hospital and ancillary medical services on an inpatient and outpatient basis.

8. Defendant Heritage Provider Network, Inc. ("Heritage") is a California corporation doing business in the County of Los Angeles as a limited Knox-Keene licensee providing health services under contractual arrangements with Knox-Keene HealthCare Services Plans, such as the Health Net Medi-Cal HMO and plans under the Covered California Exchange Program ("HCSPs"), for enrollees or members of such HCSPs by contracting for medical services with hospitals, physicians, and other health care providers.

**BANKRUPTCY BACKGROUND**

9. On August 31, 2018 ("Petition Date"), each of the above encaptioned debtors (each a "Debtor" and collectively the "Debtors") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").[1] The cases are currently being jointly administered before the Bankruptcy Court [Docket No. 17]. Since the commencement of these cases, the Debtors have been operating their businesses as debtors in possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

10. VHS and its affiliated entities (collectively, the "Verity Health System") operate as an integrated nonprofit health care system, with approximately 1,680 inpatient beds, six active emergency rooms, a trauma center, eleven medical office buildings, and a host of medical specialties, including tertiary and quaternary care.

11. On September 14, 2018, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors in these cases.

---

[1] All references to "§" or "section" herein are to the Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.,* as amended.

3

[redacted]

12. The claims set forth herein relate to [redacted]

13. On or about July 1, 2016, [redacted] A true and correct copy of the [redacted] is attached hereto and incorporated herein by reference as **Exhibit "A"** [redacted]

14. On or about June 1, 2017, [redacted] A true and correct copy of the Capitation Agreement is attached hereto and incorporated herein by reference as **Exhibit "B"** [redacted]

15. [redacted] health care services.

16. Pursuant to [redacted] In the event of [redacted]

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

[redacted]

17. Pursuant to [redacted]

18. This Action stems from Heritage's [redacted] all to the direct and significant harm of the Plaintiff Hospitals.

**FIRST CLAIM FOR RELIEF**

**(For [redacted] Against Defendant)**

19. Plaintiffs refer to and incorporate herein by reference each and every allegation contained in Paragraphs 1 through 18, above, as though fully set forth herein.

20. [redacted] Heritage to provide [redacted]

21. Heritage [redacted]

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

[redacted] during 2018.

22. By reason of Heritage's [redacted]

23. Pursuant to [redacted]

24. Heritage has further [redacted]

25. Rather, Heritage [redacted]

26. No [redacted]

27. Plaintiffs have [redacted]

28. By reason of the aforesaid [redacted] Plaintiffs have been damaged in a sum according to proof, but including the amount of the [redacted] and the additional losses caused by reason of Heritage's [redacted] plus interest thereon at the legal rate and attorneys' fees according to proof.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**SECOND CLAIM FOR RELIEF**

**(For [redacted] Against Defendant)**

29. Plaintiffs refer to and incorporate herein by reference each and every allegation contained in Paragraphs 1 through 28, above, as though fully set forth herein.

30. Pursuant to [redacted]

31. Heritage is required [redacted]

32. No [redacted]

33. Indeed, [redacted]

34. Despite these prohibitions and [redacted] on August 15, 2018 and August 22, 2018, Heritage improperly [redacted]

35. Thereafter, on September 17, 2018, Heritage improperly [redacted] (the Post-

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  Petition Offsets")  ▮

2  ▮

3  36.  Heritage has further indicated an intent to ▮

4  ▮

5  37.  Plaintiffs have ▮

6  ▮

7  38.  By reason of Heritage's ▮

8  ▮ Plaintiffs have been damaged in the

9  sum of $4,102,810, plus the amount of any other ▮

10  ▮ interest thereon at the legal rate and attorneys' fees according to proof.

## THIRD CLAIM FOR RELIEF

**(For Turnover Against Defendant)**

39.  Plaintiffs refer to and incorporate herein by reference each and every allegation contained in Paragraphs 1 through 38, above, as though fully set forth herein.

40.  Pursuant to § 541 of the Bankruptcy Code, ▮

41.  Section 542 of the Bankruptcy Code requires that any entity in possession, custody, or control of property that the debtor may use, sell or lease under § 363 of the Bankruptcy Code shall deliver such property or the value of same to the debtor.

42.  Pursuant to § 542(b) of the Bankruptcy Code, an entity that owes a matured debt that is property of the bankruptcy estate, shall pay such debt to the debtor.

43.  Plaintiffs made demand on Heritage to turnover the amounts owed to ▮

44.  Despite such demand, Defendant has failed and continues to fail and refuse to turnover the sums owed to the Plaintiff Hospitals ▮

45.  Plaintiff is entitled to an order directing Heritage to immediately pay the amounts ▮ and owing to the Plaintiff Hospitals, plus interest at the legal rate from

8

███████████████████████████████████████

███████████████ through the date of judgment, plus interest thereon at the legal rate, according to proof.

## FOURTH CLAIM FOR RELIEF

### (For Unjust Enrichment Against Defendant)

46. Plaintiffs refer to and incorporate herein by reference each and every allegation contained in Paragraphs 1 through 45, above, as though fully set forth herein.

47. The Plaintiff Hospitals ███████████████████████████████
███████████████████████████████████████

48. The Plaintiff Hospitals ███████████████████████████████
███████████████████████████████████████

49. Heritage has obtained the benefit ██████████ and has been unjustly enriched thereby to the detriment of Plaintiffs.

50. By reason thereof, Plaintiffs are entitled to an order directing Heritage to disgorge not less than $4,102,810, plus ███████████████████████████████
██████████ interest thereon at the legal rate and attorneys' fees according to proof.

## FIFTH CLAIM FOR RELIEF

### (For Damages for Violation of the Automatic Stay Against Defendant)

51. Plaintiffs refer to and incorporate herein by reference each and every allegation contained in Paragraphs 1 through 50, above, as though fully set forth herein.

52. Defendant had actual notice of the bankruptcy filings by the Debtors and of the imposition of the automatic stay by virtue of the *Notice of Case Commencement of Chapter 11 Cases and Meeting of Creditors Pursuant to Section 341 of the Bankruptcy Code* that was served on Defendant. [Docket No.185; 271] On August 31, 2018, Defendant was also sent an email informing Lloyd B. Wilensky, whom Plaintiffs are informed and believe to be Vice President of ██████ ████████████ of Defendant, of the Debtors' bankruptcy filings. A copy of that email is attached hereto as **Exhibit "C"**.

53. Notwithstanding its knowledge of the bankruptcy filings, Defendant made the █████ and unauthorized Post-Petition Offsets for amounts ██████████████████████████████

54. Pursuant to § 541 of the Bankruptcy Code, ██████████████████████████████████████ constitute property of the Plaintiffs' estates.

55. The Post-Petition Offsets were not authorized under the Bankruptcy Code or applicable non-bankruptcy law and no prior approval was received from the Court by Defendant prior to effectuating the Post-Petition Offsets.

56. By effectuating the Post-Petition Offsets, Defendant violated the automatic stay provisions in at least the following ways: (i) exercising control over property of the Plaintiff Hospitals' estates within the meaning of § 362(a)(3) of the Bankruptcy Code; (ii) ██████████████████████████████████████ within the meaning of § 362(a)(6) of the Bankruptcy Code; and (iii) setting off a debt ██████████████████████ within the meaning of § 362(a)(7) of the Bankruptcy Code.

57. Plaintiffs are entitled to a determination that Heritage's acts of effectuating the Post-Petition Offsets violate the automatic stay and that the Plaintiff Hospitals are entitled to return of not less than $1,387,885 and any other amounts ██████████████████████████████████████ and for other compensatory damages according to proof.

### SIXTH CLAIM FOR RELIEF

**(For Injunctive Relief Against Defendant)**

58. Plaintiffs refer to and incorporate herein by reference each and every allegation contained in Paragraphs 1 through 57, above, as though fully set forth herein.

10

DOCS_LA:319025.3 89566/002

59. Plaintiffs are entitled to an order pursuant to §§ 105(a) and 362 of the Bankruptcy Code enjoining the Defendant from engaging in any further setoffs ▮

60. To the extent Heritage continues to setoff sums ▮ Plaintiffs reserve the right to amend this Complaint to seek punitive damages for intentional violation of the automatic stay.

## **PRAYER**

WHEREFORE, Plaintiffs pray for entry of judgment against Defendant as follows:

On the First Claim for Relief:

a. For damages according to proof;

b. For interest thereon at the legal rate until paid in full;

c. For attorneys' fees and costs according to proof; and

d. For such further and other relief the Court deems just and proper.

On the Second Claim for Relief:

a. For damages in the sum of not less than $4,102,810, plus the amount of any other unauthorized Post-Petition Offsets taken after September 17, 2018;

b. For interest thereon at the legal rate ▮ until paid in full;

c. For attorneys' fees and costs according to proof; and

d. For such further and other relief the Court deems just and proper.

On the Third Claim for Relief:

a. For disgorgement of the sum of not less than $4,102,810;

b. For interest thereon at the legal rate ▮ until paid in full;

c. For attorneys' fees and costs according to proof; and

d. For such further and other relief the Court deems just and proper.

On the Fourth Claim for Relief:

DOCS_LA:319025.3 89566/002

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

  a. For disgorgement of the sum of not less than $4,102,810, plus the amount of any other unauthorized Post-Petition Offsets taken after September 17, 2018;

  b. For interest thereon at the legal rate from ▉▉▉▉▉▉▉▉▉▉▉ until paid in full;

  c. For attorneys' fees and costs according to proof; and

  d. For such further and other relief the Court deems just and proper.

On the Fifth Claim for Relief:

  a. For a determination that Defendant's ▉▉▉▉▉▉▉▉▉▉▉ violated the automatic stay, and for an award of not less than $1,387,885 plus the amount of any other unauthorized ▉▉▉▉▉ taken after September 17, 2018, and other compensatory damages, according to proof;

  b. For attorneys' fees and costs according to proof; and

  c. For such further and other relief the Court deems just and proper.

On the Sixth Claim for Relief:

  a. For injunctive relief pursuant to Bankruptcy Code §§ 105(a) and 362 prohibiting Defendant from effectuating any further setoffs ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ in violation of the automatic stay;

  b. For attorneys' fees and costs according to proof; and

  c. For such further and other relief the Court deems just and proper.

PACHULSKI STANG ZIEHL & JONES LLP

Dated: February 5, 2019   */s/ Steven J. Kahn*
            Steven J. Kahn
            Co-Counsel to Chapter 11 Debtors and
            Debtors in Possession

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

12

DOCS_LA:319025.3 89566/002

# EXHIBIT A

# REDACTED—UNREDACTED COPY

# TO BE FILED UNDER SEAL

# EXHIBIT B

# REDACTED—UNREDACTED COPY

# TO BE FILED UNDER SEAL

**EXHIBIT C**

**REDACTED—UNREDACTED COPY**

**TO BE FILED UNDER SEAL**