Steven J. Kahn (CA Bar No. 76933)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California  90067
Telephone: 310/277-6910
Facsimile:  310/201-0760
E-mail:  skahn@pszjlaw.com

Co-Counsel to Chapter 11 Debtors and
Debtors In Possession

**FILED & ENTERED**

**SEP 10 2019**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY gonzalez  DEPUTY CLERK**

**CHANGES MADE BY COURT**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>VERITY HEALTH SYSTEM OF CALIFORNIA, INC., *et al.*,<br><br>        Debtors and Debtors In Possession.<br><br>☐ Affects All Debtors<br>☒ Affects Verity Health System of California, Inc.<br>☐ Affects O'Connor Hospital<br>☐ Affects Saint Louise Regional Hospital<br>☒ Affects St. Francis Medical Center<br>☒ Affects St. Vincent Medical Center<br>☐ Affects Seton Medical Center<br>☐ Affects O'Connor Hospital Foundation<br>☐ Affects Saint Louise Regional Hospital Foundation<br>☐ Affects St. Francis Medical Center of Lynwood Foundation<br>☐ Affects St. Vincent Foundation<br>☐ Affects St. Vincent Dialysis Center, Inc.<br>☐ Affects Seton Medical Center Foundation<br>☐ Affects Verity Business Services<br>☐ Affects Verity Medical Foundation<br>☐ Affects Verity Holdings, LLC<br>☐ Affects De Paul Ventures, LLC<br>☐ Affects De Paul Ventures - San Jose Dialysis, LLC<br><br>        Debtors and Debtors In Possession. | Lead Case No. 2:18-bk-20151-ER<br><br>Jointly administered with:<br>Case No. 2:18-bk-20162-ER;<br>Case No. 2:18-bk-20163-ER;<br>Case No. 2:18-bk-20164-ER;<br>Case No. 2:18-bk-20165-ER;<br>Case No. 2:18-bk-20167-ER;<br>Case No. 2:18-bk-20168-ER;<br>Case No. 2:18-bk-20169-ER;<br>Case No. 2:18-bk-20171-ER;<br>Case No. 2:18-bk-20172-ER;<br>Case No. 2:18-bk-20173-ER;<br>Case No. 2:18-bk-20175-ER;<br>Case No. 2:18-bk-20176-ER;<br>Case No. 2:18-bk-20178-ER;<br>Case No. 2:18-bk-20179-ER;<br>Case No. 2:18-bk-20180-ER;<br>Case No. 2:18-bk-20181-ER;<br><br>Chapter 11 Cases<br><br>Hon. Ernest M. Robles<br><br>Adversary No. 2:19-ap-01042-ER<br><br>**ORDER ON STIPULATION REGARDING CONFIDENTIALITY**<br><br>[No Hearing Required] |

DOCS_LA:324259.1 89566/002

VERITY HEALTH SYSTEM OF CALIFORNIA, INC., a California nonprofit public benefit corporation, ST. VINCENT MEDICAL CENTER, a California nonprofit public benefit corporation and ST. FRANCIS MEDICAL CENTER, a California nonprofit public benefit corporation,

        Plaintiffs,

v.

HERITAGE PROVIDER NETWORK, INC., a California corporation,

        Defendant.

    The Court, having read and considered the Stipulation Regarding Confidentiality (the "Stipulation") submitted by Plaintiffs, Verity Health System of California, Inc., St. Vincent Medical Center, and St. Francis Medical Center, ("Plaintiffs"), on the one hand, and Heritage Provider Network, Inc., ("Defendant"), on the other hand (Plaintiffs and Defendant collectively, the "Parties"), and good cause appearing therefore, it is ORDERED, ADJUDGED and DECREED,

    1.    The Stipulation is approved.

    2.    "Confidential Material" is defined herein as information or documents, regardless of how generated, stored or maintained (including, among other things, testimony, transcripts, ESI or tangible things) that is produced or generated by any party or third party ("Designating Party") in response to Discovery Requests that contain: (a) what the Designating Party believes in good faith to be confidential, and/or (b) contains personal information pertaining to members of the Defendant and Defendant's affiliates ("Personal Patient Information").

    3.    All Confidential Material produced or provided in this litigation shall be used by the Party receiving or reviewing it (the "Receiving Party") only for the purposes of evaluating, prosecuting and defending claims in this litigation and the answers and defenses thereto (the "Permitted Matter"), and shall not be used for any unrelated business, commercial, competitive, personal or other purpose whatsoever.

    4.    The designation of information as Confidential Material pursuant to the Stipulation shall not be construed as a concession by the Designating Party that such information is relevant or material to any issue in this litigation or that same is admissible into evidence.

2

5.	The production or disclosure of Confidential Material shall in no way constitute a waiver of the Designating Party's right to object to the production or disclosure of other confidential material or information and shall have no effect on any other dispute over any party or third party's right to apply to the Court for a further protective order relating to any Confidential Material.

6.	This Order is entered without prejudice to the right of any Party to apply to the Court at any time for additional protection, or to relax or rescind the restrictions hereof.  However, prior to any application to the Court to enlarge or reduce the restrictions of the Stipulation, the Parties will confer in good faith in an effort to resolve such issues and determine by stipulation an appropriate modification of the original Stipulation.

7.	Unless and until otherwise ordered by the Court or agreed to in writing by the Parties, all materials designated herein as Confidential Material shall be treated as such and shall not be disclosed except in accordance with the terms of this Order.

**Designation of Confidential Material**

8.	Anything produced or provided in this litigation by any party or third party may be designated as Confidential Material by marking the word "Confidential" on each document page that contains Confidential Material, and Native files may be marked confidential by adding the word "Confidential" to the file name. Deposition testimony may be designated as Confidential Material during the deposition or alternatively by written notification to all parties of the pages and lines designated as Confidential Material. Such notification must be provided within 30 days after the preparation of the transcript. Pending the expiration of the 30-day deadline, all deposition testimony shall be considered Confidential Material.

**Personal Patient Information**

9.	As to Confidential Material that contains Personal Patient Information, in addition to the procedures to be followed as to Confidential Information, generally, the Parties will comply with all prevailing HIPAA and CMIA protective procedures.

**Reproduction of Confidential Material**

10.	No Confidential Material shall be reproduced except as reasonably required in connection with the Permitted Matter.  Any person making, or causing to be made, photocopies,

excerpts, blow-ups or demonstrative material reflecting any Confidential Material (such as charts or diagrams) shall make certain that each such item is marked CONFIDENTIAL.

11. All copies or derivations of Confidential Material shall constitute Confidential Material as provided in the Stipulation and shall be treated as such.

### Use of Confidential Material

12. Confidential Material may be referred to by a Receiving Party or Designating Party in papers filed with the Court. However, no such information shall be used for any of these purposes unless the papers, or the portion thereof containing Confidential Material, are appropriately so designated and, if to be filed with the Court, sought to be filed under seal pursuant to Paragraph 13 hereof.

### Confidential – Filed Under Seal Pursuant To Protective Order

13. Court procedures:

(a) The Parties agree that persons employed by the United States Bankruptcy ~~District~~ Court (the "Court") have no duty to the Parties (or any third parties) to protect or maintain the alleged confidentiality of any information in any papers filed with the Court.

(b) A Party that intends to file Confidential Material with the Court shall seek to file the Confidential Material under seal pursuant to Local Bankruptcy Rule 5003-2(c). The Receiving Party, if it opposes the sealing of the Confidential Material, must establish good cause for the Court to deny sealing of the Confidential Materials. In the event the Court determines any information does not satisfy the requirements for filing under seal, the Designating Party shall bear the burden to seek a contrary determination by the Court.

### Method for Objecting to Confidential Designation

14. If, after review of any materials designated herein as Confidential Materials, any Receiving Party questions the applicability of such designation to specific materials or determines to object to the designation of any specific materials as Confidential Material (including claims of privilege or work product), such party need not, but may request in writing that such designation be determined inappropriate. The written request shall specifically identify the precise material or information at issue asserted to be not protected by this Order.

15. If such a request is made, the Designating Party shall respond in writing within ten (10) days of the receipt of the written request, or within such other time as may be designated by an order of the Court or agreement of the Parties. If the Designating Party refuses to remove the designation, the Designating Party's written response shall state the reasons for such refusal.

16. If such a request is not made, or is made and the Designating Party fails to respond to a request or refuses to remove the Confidential Material designation, the objecting party may at any time, file an appropriate motion raising the issue of designation with the Court on regular notice or such shortened notice as the Court deems appropriate. It shall be the burden of the Receiving Party under such circumstances to establish that the information so designated does not qualify as Confidential Material within the meaning of this Stipulation. In the event of such a motion, the material at issue may be submitted to the Court for an *in camera* inspection.

17. All Confidential Material shall be given the full protection of this Order unless and until the Court enters a separate Order changing the designation.

**Persons Qualified to Receive or Review Confidential Material**

18. Confidential Material and any documents or things derived therefrom or based thereon, may only be disclosed or made available to "Qualified Persons," who are defined to consist of:

(a) The Court and employees of the Court (in the manner provided by Paragraph 11 hereof);

(b) Counsel to the Parties in the instant matter, including clerical, secretarial and paralegal staff employed by such counsel;

(c) The insurers of any party and those insurers' auditors, regulators, reinsurers, attorneys, officers, directors and employees.

(d) Parties and representatives or employees of Parties (officers, directors, employees, trustees, etc.), to the extent deemed necessary by counsel for the prosecution or defense of this matter;

(e) Any person who authored or previously received the Confidential Material, or who has knowledge of the specific facts identified in such materials;

(f) Court reporters and other persons involved in recording deposition testimony in this matter, by any means;

(g) Any other person to whom the Parties agree in writing;

(h) Commercial photocopying services ordinarily used by counsel for the purposes of photocopying, if such services are deemed reasonably necessary under the circumstances;

(i) Consultants or expert witnesses retained for the prosecution or defense of the Permitted Matter;

(j) Witnesses other than persons described in such section (i) of this Paragraph. A witness shall sign the Certification attached to the Stipulation before being shown a document designated as Confidential Material. Confidential Material may be disclosed to a witness who will not sign the Certification only in a deposition at which the Party who designated the Confidential Material is represented or has been given notice that Confidential Material produced by the Party may be used. Witnesses shown Confidential Material shall not be allowed to retain copies.

19. Prior to reviewing or receiving Confidential Material in any manner, all experts or consultants and their staff who are Qualified Persons under subsection (i) of this Paragraph shall execute the Certification in the form of Exhibit A to the Stipulation. Counsel for the Party providing Confidential Material to such Qualified Person(s) shall maintain a complete record of every original signed Certification obtained from any person pursuant to this paragraph, and upon a written request from a Designating Party, shall provide the Designating Party's counsel with a copy of such signed certificate at least thirty (30) days after the conclusion of the Permitted Matter, whether by settlement, dismissal, judgment or otherwise, and after all appeals have been exhausted. In addition, if the identity of outside experts and consultants must be disclosed pursuant to Court order, statute or otherwise, a copy of all Certificates executed by such disclosed experts or consultants shall be exchanged by the Parties upon request.

20. No Confidential Material shall be disclosed to any persons other than Qualified Persons. However, nothing contained herein shall (a) prevent any Party from disclosing or

DOCS_LA:324259.1 89566/002

employing its own Confidential Material as it deems appropriate in its sole discretion, or (b) be deemed to impose any restriction on the use or disclosure by a Party or witness of materials or information obtained independently of the discovery proceedings in the instant matter.

In the event that any Qualified Persons to whom Confidential Material is disclosed cease their involvement in the instant matter, their access to Confidential Material shall be terminated immediately.  The provisions of this Stipulation shall remain in full force and effect as to any such person.

21. If any Confidential Material in the possession of a Receiving Party or Qualified Person is subpoenaed or ordered produced by any Court, administrative or legislative body, or by any other person purporting to have authority to subpoena or order production of such materials or information, the Party to whom the subpoena or order is directed shall immediately (but, in no event more than five (5) business days) give notice of the subpoena or order and deliver of a copy thereof to the attorneys for the designating party.

22. Counsel for the Parties shall take reasonable precautions to prevent the unauthorized disclosure of Confidential Material.

23. The provisions of this Stipulation shall be effective and binding as between the Parties and counsel as of the date of execution hereof, and on any Qualified Persons as of the date of the execution of Exhibit A to the Stipulation.

### Clawback Provisions

24. The inadvertent disclosure or production of any Confidential Materials that are subject to an objection on the basis of any privilege (including but not limited to the attorney-client privilege or work-product protection), whether or not such materials are designated as Confidential under this Protective Order, will not be deemed to waive a Party's claim to its privileged or protected nature or estop that Party or the privilege holder from designating the materials as Confidential, privileged or subject to the work-product doctrine at a later date.  Upon asserting such a Confidential designation as to previously-produced materials, the producing party, at its option, shall either (a) provide the Receiving Party(s) with copies of the documents marked "Confidential" or (b) request return of the materials to the producing party within five (5) business days, regardless of

whether the Receiving Party agrees with the claim of privilege and/or work-product or other confidentiality protection. Disclosure of such materials by the Receiving Party prior to such later designation shall not be deemed a violation of the provisions of this Order. This Order and its clawback provisions shall be governed by Federal Rule of Evidence 502(d) and is entered pursuant to Bankruptcy Rule of Civil Procedure 7026(c)(1).

## Conclusion of the Matter

25.  Upon the written request of a Designating Party made within sixty (60) days of the final disposition of this litigation by way of settlement, judgment, dismissal or otherwise, all Confidential Material, and all copies or extracts thereof, shall be returned to the Designating Party within thirty (30) days of such request or, at the Receiving Party's option, shall promptly be destroyed, except that briefs and other papers prepared for use in the instant matter need not be returned or destroyed but shall be kept confidential by all counsel for the Parties. In addition, insurers for any party and their reinsurers may retain copies of Confidential Material in claims files, as required by applicable document retention policies. Moreover, the Receiving Party may retain copies of the Confidential Material and such documents containing the Confidential Material in accordance with its electronic data back-up policies and their legal department may retain a single copy of the Confidential Material and such documents containing the Confidential Material for archival purposes; the confidentiality obligations contained herein shall continue with regards to such retained Confidential Material.

26.  The binding effect of this Order shall survive the litigation, and the Court shall retain jurisdiction to enforce the terms hereof.

DOCS_LA:324259.1 89566/002

###

Date: September 10, 2019

Ernest M. Robles
United States Bankruptcy Judge

DOCS_LA:324259.1 89566/002