Steven J. Kahn (CA Bar No. 76933)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
E-mail: skahn@pszjlaw.com

Co-Counsel to Chapter 11 Debtors and
Debtors In Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>VERITY HEALTH SYSTEM OF CALIFORNIA, INC., *et al.*,<br><br>Debtors and Debtors In Possession.<br><br>☐ Affects All Debtors<br>☒ Affects Verity Health System of California, Inc.<br>☐ Affects O'Connor Hospital<br>☐ Affects Saint Louise Regional Hospital<br>☒ Affects St. Francis Medical Center<br>☒ Affects St. Vincent Medical Center<br>☐ Affects Seton Medical Center<br>☐ Affects O'Connor Hospital Foundation<br>☐ Affects Saint Louise Regional Hospital Foundation<br>☐ Affects St. Francis Medical Center of Lynwood Foundation<br>☐ Affects St. Vincent Foundation<br>☐ Affects St. Vincent Dialysis Center, Inc.<br>☐ Affects Seton Medical Center Foundation<br>☐ Affects Verity Business Services<br>☐ Affects Verity Medical Foundation<br>☐ Affects Verity Holdings, LLC<br>☐ Affects De Paul Ventures, LLC<br>☐ Affects De Paul Ventures - San Jose Dialysis, LLC<br><br>Debtors and Debtors In Possession. | Lead Case No. 2:18-bk-20151-ER<br><br>Jointly administered with:<br>Case No. 2:18-bk-20162-ER;<br>Case No. 2:18-bk-20163-ER;<br>Case No. 2:18-bk-20164-ER;<br>Case No. 2:18-bk-20165-ER;<br>Case No. 2:18-bk-20167-ER;<br>Case No. 2:18-bk-20168-ER;<br>Case No. 2:18-bk-20169-ER;<br>Case No. 2:18-bk-20171-ER;<br>Case No. 2:18-bk-20172-ER;<br>Case No. 2:18-bk-20173-ER;<br>Case No. 2:18-bk-20175-ER;<br>Case No. 2:18-bk-20176-ER;<br>Case No. 2:18-bk-20178-ER;<br>Case No. 2:18-bk-20179-ER;<br>Case No. 2:18-bk-20180-ER;<br>Case No. 2:18-bk-20181-ER;<br><br>Chapter 11 Cases<br><br>Hon. Ernest M. Robles<br><br>Adversary No. 2:19-ap-01042-ER<br><br>**STIPULATION EXTENDING LITIGATION DEADLINES AND CONTINUING PRE-TRIAL CONFERENCE AND TRIAL WEEK DATES**<br><br>[No Hearing Required] |

DOCS_LA:324738.2 89566/002

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8 | VERITY HEALTH SYSTEM OF CALIFORNIA, INC., a California nonprofit public benefit corporation, ST. VINCENT MEDICAL CENTER, a California nonprofit public benefit corporation and ST. FRANCIS MEDICAL CENTER, a California nonprofit public benefit corporation,<br><br>    Plaintiffs,<br>v.<br><br>HERITAGE PROVIDER NETWORK, INC., a California corporation,<br><br>    Defendant. |

**TO THE HONORABLE ERNEST M. ROBLES, UNITED STATES BANKRUPTCY JUDGE:**

  The parties to the within adversary proceeding, Plaintiffs, Verity Health System of California, Inc., St. Vincent Medical Center, and St. Francis Medical Center, (collectively, "Verity" or "Plaintiffs"), and Defendant, Heritage Provider Network, Inc., ("Heritage" or "Defendant"), stipulate as follows:

**RECITALS**

  1. Plaintiffs' First Amended Complaint was filed in this action on March 11, 2019 [Docket No. 13] and Defendant's Answer thereto was filed on April 12, 2019 [Docket No. 22].

  2. Following an initial status conference held on May 14, 2019, on May 31, 2019, the Court entered its Scheduling Order in this adversary proceeding [Docket No. 25]. Thereafter, so as to correct a clerical error in the Scheduling Order at to the trial week date, the Court entered its Amended Scheduling Order on July 19, 2019 [Docket No. 32] (the "Current Scheduling Order")..

  3. On June 26, 2019, Plaintiff Verity served Defendant with a first set of Interrogatories and first set of Requests for Production, responses to which were due on July 26, 2019.

  4. Defendant requested an extension of time to respond to that written discovery, and responses were served on August 23, 2019.

  5. Following detailed review of both the discovery responses and, more importantly, the documents produced in response to the Requests for Production, Plaintiff asserted that numerous requested documents which purported to be produced "to the extent they are currently available to Defendant" were not, in fact, produced.

2

6. Hence, on September 16, 2019, Plaintiffs sent a detailed "meet and confer" letter to Defendant as to seven of the document requests demanding that Defendant either (a) produce the requested documents, (b) identify which of the produced materials Defendant asserts constitute the requested documents, or (c) affirmatively state that Defendant does not have any such requested documents in its possession, custody or control. A true and correct copy of the meet and confer letter is attached hereto and incorporated herein by reference as **Exhibit "A."**

7. The meet and confer letter requested an initial conference by the close of business on September 18, 2019, to which defense counsel requested an extension to the following Monday, September 23, 2019. The parties were unable to connect by phone on September 23 and as such, ultimately had this initial discussion on Tuesday, September 24, 2019.

8. Plaintiffs contend that the requested documents are not within their custody or control, the documents are not available from any other known source, and they are essential for Plaintiffs' prosecution of its case.

9. During the "meet and confer" conference, Defendant's counsel advised that its client would require additional time to either (a) produce the requested documents, (b) identify which of the produced materials constitute such documents, or (c) affirmatively state that it does not have such documents in its possession, custody or control.

10. During the "meet and confer" conference, Plaintiffs' counsel advised Defendant's counsel that any continued delay would adversely affect Plaintiffs' ability to prosecute this action in that none of the requested documents are within Plaintiffs' possession, custody or control, that Plaintiff contends that the documents are ordinary course of business type documents that a health plan such as Defendant must produce and maintain so as to operate its business, and that such documents are necessary for review by Plaintiffs' expert in the preparation of Plaintiffs' case.

11. To allow additional time for Defendant to attempt to locate and produce additional documents, counsel for Plaintiffs and Defendant agreed to seek an order from the Court to extend certain litigation deadlines, the Pre-Trial Conference and Trial Week Dates.

12. There have been no previous requests to extend the existing litigation deadlines nor to continue the Pre-Trial Conference and Trial Week Dates in this adversary proceeding.

3

DOCS_LA:324738.2 89566/002

It is therefore agreed between the Parties hereto as follows:

## **STIPULATION**

1. The above Recitals are incorporated herein by reference.

2. It is hereby stipulated and agreed between the Parties hereto that the Current Scheduling Order be amended in the following particulars:

    (a) The last day to disclose expert witness and expert witness reports is extended from October 15, 2019 to January 15, 2020.

    (b) The last day to disclose rebuttal expert witnesses and rebuttal expert witness reports be extended from November 15, 2019, to February 14, 2020;

    (c) The last day to complete discovery relating to expert witnesses, including hearings on motions related to expert discovery, be extended from December 15, 2019 to March 13, 2020;

    (d) The last day for dispositive motions to be heard be extended from December 24, 2019 to February 24, 2020;

    (e) The last day to complete discovery (except as to experts), including hearings on discovery motions be extended from January 27, 2010 to March 18, 2020;

    (f) The Pre-Trial Conference presently set of February 11, 2020 at 11:00 a.m. be continued to April 14, 2020 at 11:00 a.m.; and

    (g) Trial, currently set for the week of February 24, 2010 be continued to the week of April 27, 2020 or the next available trial week of the Court.

3. All other terms and deadlines set forth in the Amended Scheduling Order are to remain in full force and effect.

DOCS_LA:324738.2 89566/002

4.  This Stipulation is without prejudice to any Party to seek further deadline, Pre-Trial or Trial Week extensions for good cause shown.

PACHULSKI STANG ZIEHL & JONES LLP

Dated: October 1, 2019   By: */s/ Steven J. Kahn*
Steven J. Kahn
Co-Counsel to Chapter 11 Debtors and
Debtors in Possession and Counsel for Plaintiffs

Dated: October _1_, 2019   LESLIE COHEN LAW, PC

By: _____
Leslie A. Cohen.
Attorneys for Defendant

5

DOCS_LA:324738.2 89566/002

# EXHIBIT A



LAW OFFICES
LIMITED LIABILITY PARTNERSHIP

LOS ANGELES, CA
SAN FRANCISCO, CA
WILMINGTON, DE
NEW YORK, NY
COSTA MESA, CA

10100 SANTA MONICA BLVD.
13th FLOOR
LOS ANGELES
CALIFORNIA 90067

TELEPHONE: 310/277 6910
FACSIMILE: 310/201 0760

SAN FRANCISCO
150 CALIFORNIA STREET
15th FLOOR
SAN FRANCISCO
CALIFORNIA 94111-4500

TELEPHONE: 415/263 7000
FACSIMILE: 415/263 7010

DELAWARE
919 NORTH MARKET STREET
17th FLOOR
P.O. BOX 8705
WILMINGTON
DELAWARE 19899-8705

TELEPHONE: 302/652 4100
FACSIMILE: 302/652 4400

NEW YORK
780 THIRD AVENUE
34th FLOOR
NEW YORK
NEW YORK 10017-2024

TELEPHONE: 212/561 7700
FACSIMILE: 212/561 7777

COSTA MESA
650 TOWNE CENTER DRIVE
SUITE 1500
COSTA MESA
CALIFORNIA 92626

TELEPHONE: 714/384 4750
FACSIMILE: 714/384 4751

WEB: www.pszjlaw.com

Steven J. Kahn

September 16, 2019

310.772.2379
skahn@pszjlaw.com

**VIA EMAIL AND FIRST CLASS MAIL**

Leslie Cohen, Esq.
Leslie Cohen Law PC
506 Santa Monica Bl., Suite 200
Santa Monica, California 90402
Email: leslie@lesliecohenlaw.com

    Re:    Verity Health System of California, Inc., et al. v.
Heritage Provider Network, Inc.;
Adv. No. 2:19-ap-01042-ER

Dear Leslie:

    This letter is sent as a "meet and confer" communication in relation to the responses and production by Heritage Provider Network, Inc. ("Heritage") to the First Set of Requests for Production of Documents (the "RFPs"). All capitalized terms used herein have the meanings ascribed to them in the RFPs or the CAP AGREEMENT, as defined in the RFPs.

    The Heritage Responses below are either defective, ambiguous, or otherwise insufficient, and the documents produced through the Dropbox link are either incomplete or not in accord with the written Responses:

**Request No. 10:**

    If YOU contend that YOU, or anybody on YOUR behalf, prepared a FINAL SETTLEMENT REPORT, produce that DOCUMENT.

**Substantive Response:**

    Aside from the asserted pro forma objections, the Response states, "Documents responsive to this Request to the extent they are

DOCS_LA:324484.1 89566/002



LAW OFFICES

Leslie Cohen, Esq.
September 16, 2019
Page 2

currently available to Defendant are being produced via Dropbox link being provided to Plaintiff's counsel by email."

**Issue:** Not one of the 759 folders produced via the Dropbox link contains what can even remotely be described as a FINAL SETTLEMENT REPORT. Either (a) produce the requested DOCUMENT, (b) identify which of the produced materials constitute the DOCUMENT, or (c) affirmatively state that Heritage does not have such DOCUMENT in its possession, custody or control.

**Request No. 11:**

If YOU contend that YOU, or anybody on YOUR behalf, provided a copy a FINAL SETTLEMENT REPORT to any of the PLAINTIFFS, produce all DOCUMENTS that support that contention.

**Issue:** Heritage did not respond at all to this Request as its written responses repeated Request 10 and its Response thereto rather than setting forth Request No. 11 and a Response thereto. Heritage must respond to Request 11 and produce DOCUMENTS responsive thereto or state affirmatively that it does not have such DOCUMENTS in its possession, custody or control.

**Request No. 12:**

If YOU contend that YOU, or anybody on YOUR behalf, prepared a FINAL SETTLEMENT REPORT, produce all COMMUNICATIONS internal to YOU RELATING TO the FINAL SETTLEMENT REPORT.

**Substantive Response:**

Aside from the asserted pro forma objections, the Response states, "Documents responsive to this Request to the extent they are currently available to Defendant are being produced via Dropbox link being provided to Plaintiff's counsel by email."

**Issue:** If Heritage prepared a FINAL SETTLEMENT REPORT, it would have to have conducted a review and analysis of periodic reports of the Risk Pool established under the terms of the



LAW OFFICES

Leslie Cohen, Esq.
September 16, 2019
Page 3

CAP Agreement to determine Risk Pool Revenues and Risk Pool Expenses to determine the existence of any Risk Pool Deficits. Not one of the 759 folders produced via the Dropbox link contains what can even remotely be described as COMMUNICATIONS internal to Heritage RELATING TO the FINAL SETTLEMENT REPORT, which would have to include discussion of the contents of Risk Pool reports. Either (a) produce the requested DOCUMENTS, (b) identify which of the produced materials constitute the DOCUMENTS, or (c) affirmatively state that Heritage does not have such DOCUMENTS in its possession, custody or control.

**Request No. 13:**

If YOU contend that YOU, or anybody on YOUR behalf, prepared a FINAL SETTLEMENT REPORT, produce all COMMUNICATIONS with any of the PLAINTIFFS RELATING TO the FINAL SETTLEMENT REPORT.

**Substantive Response:**

Aside from the asserted pro forma objections, the Response states, "Documents responsive to this Request to the extent they are currently available to Defendant are being produced via Dropbox link being provided to Plaintiff's counsel by email."

**Issue:** Not one of the 759 folders produced via the Dropbox link contains what can even remotely be described as COMMUNICATIONS with any of the PLAINTIFFS RELATING TO the FINAL SETTLEMENT REPORT. Either (a) produce the requested DOCUMENT, (b) identify which of the produced materials constitute the DOCUMENTS, or (c) affirmatively state that Heritage does not have such DOCUMENTS in its possession, custody or control.

**Request No. 16:**

All COMMUNICATIONS internal to YOU RELATING TO compliance or lack of compliance with the GUIDELINES AND PROCEDURES between June 1, 2017 and July 31, 2018.



LAW OFFICES

Leslie Cohen, Esq.
September 16, 2019
Page 4

**Substantive Response:**

Aside from the asserted pro forma objections, the Response states, "Documents responsive to this Request to the extent they are currently available to Defendant are being produced via Dropbox link being provided to Plaintiff's counsel by email."

**Issue:** Although Heritage produced its GUIDELINES AND PROCEDURES, not one of the 759 folders produced via the Dropbox link contains what can even remotely be described as COMMUNICATIONS internal to Heritage RELATING TO compliance or lack of compliance with those GUIDELINES AND PROCEDURES. Either (a) produce the requested DOCUMENTS, (b) identify which of the produced materials constitute the DOCUMENTS, or (c) affirmatively state that Heritage does not have such DOCUMENTS in its possession, custody or control.

**Request No. 17:**

All DOCUMENTS RELATING TO a determination of the amount of the SETOFFS.

**Substantive Response:**

Aside from the asserted pro forma objections, the Response states, "Documents responsive to this Request to the extent they are currently available to Defendant are being produced via Dropbox link being provided to Plaintiff's counsel by email."

**Issue:** In its notices of the SETOFFS, Heritage stated specific amounts it asserted to be owed to it under the CAP AGREEMENT. To make that determination, Heritage would have had to conduct a review and analysis of periodic reports of the Risk Pool established under the terms of the CAP Agreement to determine Risk Pool Revenues and Risk Pool Expenses to determine the existence and amount of the asserted Risk Pool Deficits forming the basis for the SETOFFS. Not one of the 759 folders produced via the Dropbox link contains what can even remotely be described as constituting that determination or the totality of Risk Pool reports or other documents used to conduct an analysis resulting in such determination. Either (a) produce the requested DOCUMENTS, (b) identify which of the produced materials constitute the



**PACHULSKI STANG ZIEHL & JONES**

LAW OFFICES

Leslie Cohen, Esq.
September 16, 2019
Page 5

DOCUMENTS, or (c) affirmatively state that Heritage does not have such DOCUMENTS in its possession, custody or control.

**Request No. 18:**

All COMMUNICATIONS internal to YOU RELATING TO the SETOFFS.

**Substantive Response:**

Aside from the asserted pro forma objections, the Response states, "Documents responsive to this Request to the extent they are currently available to Defendant are being produced via Dropbox link being provided to Plaintiff's counsel by email."

**Issue:** Not one of the 759 folders produced via the Dropbox link contains what can even remotely be described as COMMUNICATIONS internal to Heritage RELATING TO the SETOFFS. Either (a) produce the requested DOCUMENTS, (b) identify which of the produced materials constitute the DOCUMENTS, or (c) affirmatively state that Heritage does not have such DOCUMENTS in its possession, custody or control.

**Request No. 23:**

If YOU asserted at any time between July 1, 2016 and December 31, 2018, that YOU overpaid any of the PLAINTIFFS for services rendered by them under the terms of the FFS AGREEMENT, produce all COMMUNICATIONS between YOU and any of the PLAINTIFFS RELATING TO such assertions.

**Substantive Response:**

Aside from the asserted pro forma objections, the Response states, "Documents responsive to this Request to the extent they are currently available to Defendant are being produced via Dropbox link being provided to Plaintiff's counsel by email."

**Issue:** Not one of the 759 folders produced via the Dropbox link contains what can even remotely be described as COMMUNICATIONS with any of the PLAINTIFFS RELATING TO whether at any time between July 1, 2016 and December 31,

DOCS_LA:324484.1 89566/002



**PACHULSKI STANG ZIEHL & JONES**

LAW OFFICES

Leslie Cohen, Esq.
September 16, 2019
Page 6

2018, Heritage contended that it overpaid any of the PLAINTIFFS for services rendered by them under the terms of the FFS AGREEMENT. Either (a) produce the requested DOCUMENTS, (b) identify which of the produced materials constitute the DOCUMENTS, or (c) affirmatively state that Heritage does not have such DOCUMENTS in its possession, custody or control.

**Other Issues:**

1.  Although Heritage produced census reports for the general period of July 14, 2017 through July 30, 2018, census data for the periods September 12, 2017-Sepetmber 17, 2017 and October 13, 2017-October 17, 2017 were not produced. Either (a) produce these reports or (b) affirmatively state that Heritage does not have such DOCUMENTS in its possession, custody or control.

2.  Please produce a compliant privilege log.

Please contact me by the close of business this Wednesday, September 18 so that we can have these issues resolved without the need for Court intervention.

Very truly yours,

Steven J. Kahn

SJK:ned

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California  90067**

A true and correct copy of the foregoing document entitled (*specify*): **STIPULATION EXTENDING LITIGATION DEADLINES AND CONTINUING PRE-TRIAL CONFERENCE AND TRIAL WEEK DATES** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **October 1, 2019**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Leslie A Cohen    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;odalys@lesliecohenlaw.com
- Steven J Kahn    skahn@pszyjw.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **October 1, 2019**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA HAND DELIVERY**
Honorable Ernest M. Robles
U.S. Bankruptcy Court
255 E. Temple Street, Suite 1560 / Courtroom 1568
Los Angeles, CA  90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 1, 2019 | Mary de Leon | /s/ Mary de Leon |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                   **F 9013-3.1.PROOF.SERVICE**
DOCS_LA:319172.1 89566/002